**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

FRANK DOMINICK DIXON,
*Defendant-Appellant.*

No. 99-4626

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-357)

Submitted: December 29, 2000

Decided: February 5, 2001

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Urs R. Gsteiger, WILSON & ISEMAN, Winston-Salem, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Frank Dominick Dixon pled guilty to conspiracy to distribute in excess of fifty grams of crack cocaine. At his sentencing hearing, the district court determined that Dixon should be held accountable for between 500 and 1500 grams of cocaine base. The district court also refused to adjust Dixon's sentence based on his role in the offense. Dixon was sentenced to 196 months imprisonment. On appeal, he challenges the district court's calculation of drug quantity and the court's failure to afford him a role adjustment.

We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). A conspiracy sentence under the guidelines must be calculated on the basis of all criminal activity undertaken in concert with others, including conduct of others in furtherance of the conspiracy that was known to Dixon or reasonably foreseeable to him. *See United States v. Williams*, 986 F.2d 86, 90 (4th Cir. 1993).

Here, Dixon pled guilty to a crack cocaine conspiracy, and he conceded that he was responsible for the amount of drugs involved in one transaction conducted by Angel Morales where Dixon acted as a lookout, thereby admitting his knowledge that Morales, a co-conspirator, was involved in dealing crack cocaine. However, Dixon challenges the inclusion of additional drug amounts from other transactions where Dixon drove Morales to the deals and acted as a lookout to warn Morales if the police arrived. Dixon claims that the Government failed to produce evidence that he was aware that the additional transactions were also drug deals. Based on his prior knowledge of the drug business, his admission to a crack cocaine conspiracy, and the obvious reality that something illegal was afoot, it was reasonably foreseeable to Dixon that Morales was conducting drug transactions. Given this evidence, we find that the district court did not clearly err in calculating the quantity of drugs attributable to Dixon.

Next, Dixon attacks the district court's denial of his motion for an offense level reduction as a minor participant in the conspiracy under

*U.S. Sentencing Guidelines Manual* § 3B1.2 (1998). A district court may grant a two-level reduction to a defendant who is "less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.3). The court's determination is "heavily dependent upon the facts of the particular case," USSG § 3B1.2, comment. (backg'd), and is reviewed for clear error. *United States v. Reavis*, 48 F.3d 763, 768 (4th Cir. 1995). The defendant has the burden of convincing the court by a preponderance of the evidence that he is entitled to the adjustment. *Id.* at 769.

There was no clear error in the district court's finding that Dixon failed to carry his burden. Dixon argues that he was less culpable than the other participants in the conspiracy. However, Dixon repeatedly acted as a lookout for Morales, picked up proceeds from drug transactions for him, and on one occasion, helped Morales transport drug proceeds. In addition, he benefitted monetarily from his association with the conspiracy. While he may not have been a leader of the conspiracy, his participation was essential, and he has failed to show that he was less culpable than the other members. Thus, there was no clear error.

Based on the foregoing, we affirm Dixon's sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*